UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOREN J. JACOBSON, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:09-cv-1050 (JCH) |
| | : | |
| V. | : | |
| | : | |
| INTERNATIONAL TOURS AND | : | DECEMBER 15, 2010 |
| EVENTS, LLC, and | : | |
| CHARLES F. ROSENAY, | : | |
|     Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 24)**

Plaintiff, Loren Jacobson, originally filed this action in state court asserting claims for sexual harassment and for a hostile work environment under Connecticut's Fair Employment Practices Act and under Title VII of the Civil Rights Act of 1964, as well as state law claims for assault and intentional infliction of emotional distress. Defendants removed the case to federal court because of the claims arising under Title VII. See 28 U.S.C. §§ 1331, 1441(a). Plaintiff did not move to remand.

After completing discovery, defendants filed a Motion for Summary Judgment. The court finds that summary judgment should be granted in favor of the defendants on the plaintiff's two federal law claims. Plaintiff's remaining state law claims are remanded to state court.

**I.    FACTS**

Loren Jacobson was employed by International Tours and Events, LLC ("International Tours"), from July 2007 through May 2008. Charles Rosenay is the president and an owner of International Tours. During plaintiff's employment, International Tours shared office space with a disc jockey business doing business

under the name of Boppers DJs ("Boppers"). Jacobson alleges that she was subjected to various forms of harassment from Rosenay and others working at International Tours' offices throughout her employment.

International Tours was owned by Rosenay and Daniel Levine. Rosenay's wife, Melissa Rosenay, handled human resources matters. Aside from Charles Rosenay, Melissa Rosenay, and Daniel Levine, only one or two people worked at International Tours throughout Jacobson's employment, that is Jacobson and, at times, one other person. Similarly, aside from the Rosenays and Levine, International Tours employed only one or two people in 2006, prior to Jacobson's employment, and in the remainder of 2008, after Jacobson's employment.

Boppers was not legally registered under the name "Boppers DJs" or "Boppers DJs, LLC." Plaintiff's Opposition ("Opp.") at 6; Defendants' Reply at 1. Instead, from July 2007 through January 2008, Boppers was registered with the Connecticut Secretary of State under the name Liverpool Productions, LLC. Defendants' Reply at 1 n.1, Exh. U. Bank records show accounts bearing the names "Liverpool Productions, LLC/Boppers DJs" and "Boppers DJs/Liverpool Productions, LLC." Defendants' Reply, Exh. V. After January 2008, Boppers was registered under the name Boppers Entertainment, LLC. Defendants' Reply, Exh. W. Plaintiff does not dispute that Liverpool Productions, LLC, and Boppers Entertainment, LLC, were separate legal entities from International Tours. Plaintiff does not dispute that these were the legal entities doing business as Boppers or Boppers DJs.

## II. STANDARD OF REVIEW

A motion for summary judgment "may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009). Thus, the role of a district court in considering such a motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Id. In making this determination, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. See Fed R. Civ. P. 56(c); Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009).

"[T]he moving party bears the burden of showing that he or she is entitled to summary judgment." United Transp. Union v. Nat'l R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir. 2009). Once the moving party has satisfied that burden, in order to defeat the motion, "the party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir.2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)); see also Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (stating that a non-moving party must point to more than a mere "scintilla" of evidence in order to defeat a motion for summary judgment).

## III. DISCUSSION

### A. Federal Law Claims

Counts Three and Four of the Complaint assert violations of Title VII of the Civil Rights Act of 1964 against International Tours and against Rosenay, respectively. Title VII applies only to employers with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); see Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 202-03 (2d Cir. 2005) (affirming summary judgment in favor of defendants where plaintiff failed to raise a question of material fact as to whether defendant employed fifteen persons). Plaintiff's claims relate to conduct during her employment in 2007 and 2008. Therefore, to succeed on a claim under Title VII, plaintiff must show that defendants employed fifteen or more people for twenty weeks in 2006, 2007, or 2008.

Defendant has set forth evidence showing that International Tours employed no more than five people during these years, including Charles Rosenay, Melissa Rosenay, Daniel Levine, and either one or two additional employees.[1] Defendants' Memorandum, Exh. A (Affidavit of Charles Rosenay) ¶¶ 5-6; Exh. B (Plaintiff's Deposition Transcript) at 45.

"In response to [defendants'] motion for summary judgment, supported by evidence that it never had more than [five] employees, [plaintiff] was obligated to proffer evidence which, viewed in the light most favorable to [plaintiff], could increase the number of . . . employees to fifteen." Arculeo, 425 F.3d at 201. Jacobson has not done

---

[1] Defendants dispute whether Charles Rosenay, Daniel Levine, and Melissa Rosenay should be counted as "employees" for purposes of plaintiff's state law claims. Defendants' Memorandum at 6-8. The court does not make any ruling on whether they should be counted as employees for purposes of either federal or state law. Instead, for purposes of this Ruling on plaintiff's federal law claims only, the court assumes for the sake of argument that they may be counted as employees.

- 4 -

so.  Jacobson asserts that she "testified that there were far more than the statutory minimum number of persons employed by the defendants when she worked in their office."  Plaintiff's Opp. at 6 (citing Plaintiff's Deposition Transcript at 45).  However, with respect to the Title VII claims, this statement is wrong.  Jacobson testified that International Tours had five employees.  Plaintiff's Deposition Transcript at 45 (Q: "How many employees did International Tours employ when you were working there?"  A: "Myself, Melissa, Danny, Charles and Kelly, five.").

Jacobson also notes that "several" other people were ostensibly employed by Boppers and that there is no legal entity registered as "Boppers DJs, LLC."  Opp. at 6.  Jacobson did not rebut the defendants' showing that Boppers was a separate legal entity registered under the name Liverpool Productions, LLC, and later, under the name Boppers Entertainment, LLC.  Jacobson provides no other support for disregarding the corporate form or treating Boppers employees' as employees of the defendants.  Moreover, Jacobson does not present evidence as to the number of Boppers employees.  Assuming that International Tours had five employees, Jacobson has not evidenced that Boppers had ten or more employees, as would be needed to reach the statutory minimum of 15 employees.  Absent some evidence that Boppers employed at least ten employees for the relevant time periods, Jacobson has not satisfied her burden of "set[ting] forth 'specific facts' demonstrating that there is 'a genuine issue for trial'" on Counts Three or Four.  Wright, 554 F.3d at 266 (quoting Fed. R. Civ. P. 56(e)).  In light of Jacobson's failure to provide evidence that Boppers had a sufficient number employees, the court need not address the issue of whether a jury could reasonably find

that Boppers' employees should be treated as employees of the defendants. Therefore, defendants are entitled to summary judgment on Counts Three and Four.

### B. Remaining State Law Claims

A federal district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Mills v. RE/Max Heritage, 303 F. Supp. 2d 160, 162 (D. Conn. 2004). Although decided before the adoption of 28 U.S.C. section 1367, Cohill applies where a district court is asked to exercise supplemental jurisdiction over a state law claim. Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006). "[W]hen a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court." Cohill, 484 U.S. at 351.

In Mills, 160 F. Supp. 2d at 162, this court remanded a state law claim under Connecticut Fair Employment Practices Act after dismissing a parallel claim under the Americans with Disabilities Act because the defendant did not have 15 or more employees. The court noted that, although the case had been pending in federal court for a year, there had been little activity in the case involving the court, no jury had been selected, and the court had not become so immersed in the evidence and the facts that remand would be wasteful. Id.

The same considerations apply here. Remand to state court would not result in a waste of judicial resources and should not result in undue delay. While this case has been pending in federal court, the parties have completed discovery and prepared their legal arguments, work that would have been necessary in either court. Moreover, the remaining claims depend upon the interpretation of statutory limitations on the scope of the Connecticut Fair Employment Practices Act, e.g., Conn. Gen. Stat. § 46a-51(10), and state law standards for intentional infliction of emotional stress and assault. Comity supports resolution of these issues in state court. Therefore, the court declines to exercise supplemental jurisdiction over Jacobson's remaining state law claims and remands those claims to state court.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment (Doc. No. 24) is **GRANTED IN PART** with respect to Counts Three and Four. The Clerk is directed to remand this case to the Connecticut Superior Court, Judicial District of New Haven.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 15th day of December, 2010.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge