UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOREN J. JACOBSON, | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:09-cv-1050 (JCH) |
| | : | |
| v. | : | |
| | : | |
| INTERNATIONAL TOURS AND EVENTS, | : | MARCH 25, 2011 |
|    LLC, et al., | : | |
|    Defendants. | : | |

**ORDER RE: OBJECTION TO ORDER ALLOWING COSTS**

Following removal from state court, this court entered judgment in favor of the defendants on plaintiff's two federal law claims and remanded the remaining state law claims to state court. See Ruling (Doc. No. 34); Judgment (Doc. No. 35). Defendants moved for costs pursuant to Fed. R. Civ. P. 54 and Local Rule 54 by submitting a Verified Bill of Costs (Doc. No. 36). The Clerk of Court entered an Order awarding most of the costs (Doc. No. 38). The amount awarded reflected costs incurred in connection with defending the federal law claims in this court. Plaintiff objects to the Order awarding costs solely because "the defendants are not prevailing parties in this case. The action remains in active litigation." Doc. No. 40.

Rule 54 permits litigation costs, other than attorney fees, to be awarded to awarded to a "prevailing party." Fed. R. Civ. P. 54(d)(1). "Prevailing party" is a "legal term of art" that means "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)); accord Kerin v. U.S. Postal Service, 218 F.3d 185,189 n.1 (2d Cir. 2000) ("A prevailing party is one that has 'succeeded on any

1

significant issue in litigation which achieved some of the benefit that the part[y] sought in bringing suit," such that the party is able to 'point to a resolution of the dispute which changes the legal relationship between itself and the [adversary]" (quoting Texas State Teachers Assoc. v. Garland Independent School Dist., 489 U.S. 782, 791-92 (1989))). Here, the defendants have obtained a judgment on two counts. This result changes the legal relationship between the parties; it establishes that defendants are not liable to plaintiff on the theories pled in those two counts.

Defendants may be deemed prevailing parties for purposes Rule 54(d) although the litigation continues in state court. See, e.g., Fox v. Vice, 594 F.3d 423, 425, 427 (5th Cir. 2010) (defendant-appellees were prevailing parties for purposes of Rule 54 where the district court had dismissed the federal claims with prejudice and remanded the state law claims to state court); Surprise v. GTE Service Corp., 202 F.R.D. 79, 80-81 (D. Conn. 2000) (holding that defendant was a prevailing party under Rule 54(d) where the federal law claim was dismissed and the remaining claims were remanded to state court).

The court, therefore, holds that the defendants here are prevailing parties for purposes of Rule 54, and the court affirms the Order awarding costs. Plaintiff's objection to the Order awarding costs is overruled.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 25th day of March, 2011.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge